UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21303-CIV-WILLIAMS/SIMONTON

PLASTIC THE MOVIE LIMITED,

    Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 71.196.25.181,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), ECF No. [5]. The Honorable Kathleen M. Williams, United States District Judge, has referred this motion to the undersigned Magistrate Judge to take all necessary and proper action as required by law, ECF No. [7]. For the following reasons, the Motion is granted.

On April 3, 2015, Plaintiff Plastic the Movie Limited filed a Complaint alleging that someone using the IP address 71.196.25.181, referred to as John Doe, infringed its copyrights by using the BitTorrent file distribution network to distribute digital files, as listed in Exhibits to the Complaint, containing Plaintiff's copyrighted material.  This IP address is serviced by Comcast Cable and has been traced to a physical location within the Southern District of Florida, ECF No. [1] at ¶ 5.  However, Plaintiff does not know John Doe's name or contact information and so cannot effect service.

According to the Motion, the only way Plaintiff can identify John Doe is through a subpoena under Rule 45 directing Comcast to provide identifying information for John Doe.  Exhibit A to the Complaint provides the time that Defendant's IP address was associated with infringing activity.  Based on this information, Comcast can use its

subscriber logs to identify the name, address, telephone number, and email address associated with the IP address at each of those times, ECF No. [5-2] at ¶ 11. As Plaintiff cannot serve process upon an IP address, this is the only way that it can identify and serve John Doe.

Generally, a party may not propound discovery before a Rule 26(f) conference has taken place, but given that the defendant has not yet been identified, such a conference is not possible. However, for a court to authorize a subpoena before a Rule 26(f) conference, there must be "good cause." Fed. R. Civ. P. 26(b). In internet infringement cases involving defendants identifiable only by IP addresses, a determination of good cause requires evaluating the following factors: "(1) the concreteness of the plaintiff's showing of a *prima facie* claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).[1] In this case, Plaintiff has made the required showing to seek John Doe's name, address, telephone number and email address.

Plaintiff has established a "*prima facie* claim of actionable harm" by pleading unauthorized distribution of its copyrighted material and by listing the file hash value, the hit date for such file, and the copyright associated with the distributed file, ECF No. [1]. Plaintiff's request for John Doe's name, address, telephone number, and email address certainly has the required specificity. Due to the combination of (1) the anonymous nature of the BitTorrent file-sharing protocol and (2) statutory provisions requiring internet service providers ("ISPs") to maintain their customer's privacy, "the

---

[1] *Accord Malibu Media, LLC v. Doe,* Case No. 14-20392, ECF No. [8], (S.D. Fla. April 24, 2014); *Malibu Media, LLC v. Doe,* Case No. 14-20222, ECF No. [6] (S.D. Fla. Feb. 18, 2014) (citing *Malibu Media, LLC v. Doe,* No. 2:13-CV259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17, 2013)).

absence of alternative means to obtain the subpoenaed information" is clear. Furthermore, as there is no way to serve process upon an IP address, John Doe's name, address, telephone number and email address are needed to advance the claim.

Accordingly, it is

**ORDERED AND ADJUDGED that**

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information it the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

4.    Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing the Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** in chambers at Miami, Florida, on May 29, 2015.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF:**

**The Honorable Kathleen M. Williams,**

    **United States District Judge;**

**All counsel of record**